■ NEW YORK PLUMBERS' SPECIALTIES Co., INC., Respondent, v W. J. BARNEY CORP. et al., Appellants, et al., Defendant.—Order and judgment, Supreme Court, New York County, entered September 12, 1975, and September 16, 1975, respectively, granting plaintiff's motion to strike the answer of defendants W. J. Barney Corp. and Travelers Insurance Co. and granting summary judgment in favor of plaintiff in the sum of $13,248.52

unanimously modified, on the law, to the extent of reducing the judgment by the amount of $333, and as so modified, affirmed with $60 costs and disbursements to respondent. Defendant W. J. Barney Corp. (Barney), the general contractor on a project, posted a labor and material payment bond. Defendant Travelers Insurance Co. (Travelers) is the surety on that bond. Plaintiff sold supplies to Barney's plumbing subcontractor, Kennedy Scheidel & Young, Inc. (Kennedy). The bond provides in pertinent part: "A claimant is defined as one having a *direct contract* with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract" (emphasis supplied). Defendants Barney and Travelers contend that the phrase "direct contract" required a supervening contract between plaintiff and the subcontractor, Kennedy. This contention is without merit. Clearly, the meaning and purpose of the said phrase, in the context in which it is employed, is that a materialman cannot claim the status of a claimant even if the materials are ultimately received and utilized by a subcontractor, unless his contract is with a subcontractor. Otherwise stated, if a materialman contracts with an intermediary, who in turn contracts with a subcontractor, the materialman may not avail himself of the status of a claimant. It is clear and not disputed that plaintiff and the subcontractor had a running account whereby plaintiff supplied materials to the subcontractor at the site. Once achieved, the status of claimant is not forfeited by virtue of the formation of subsequent contracts or series of contracts, i.e., the filling of other additional orders. The bond further provides that suit is conditioned upon a claimant's having given written notice within 90 days after claimant furnished the last of the materials for which claim is made. Under the circumstances herein, the 90-day notice provision must be complied with for each separate contract. As it is conceded that the March, 1974 delivery of materials was without the 90-day period, the claim, therefore, in the amount of $333, should be disallowed. This is so because the materials were furnished pursuant to separate and distinct contracts. Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Lynch, JJ.