■ DAVIRO CORPORATION, Respondent, v ARAS CORPORATION, Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant appeals from an order granting plaintiff summary judgment on its claim for $63,357 in compensatory damages. The court did not grant summary judgment on any of the theories expressly pleaded, but read the complaint as stating a claim for goods sold and delivered and granted plaintiff summary judgment on that theory. The court's analysis and resolution of the case were proper. In support of its motion, plaintiff made an evidentiary showing that defendant ordered the goods from plaintiff's principal, that defendant took possession of them, that defendant did not pay for the goods, and that plaintiff was consequently charged for the goods on its own account. Defendant failed to rebut plaintiff's evidentiary showing, and in essence conceded that it was obligated to pay for the goods. We thus adopt the court's analysis interpreting plaintiff's complaint as stating a contract claim and granting summary judgment on that basis. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from order of Supreme Court, Nassau County, Christ, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Lawton and Davis, JJ.

■ ANITA WENGROVER et al., Respondents, v WALTER M. GLASS et al., Respondents, and NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendants North Shore University Hospital and Roger Hyman to dismiss the complaint under CPLR 3211 (a) (7). Plaintiffs have stated a valid cause of action for medical malpractice based upon defendants' alleged failure to diagnose a brain tumor *(see, Nicastro v Park,* 113 AD2d 129). (Appeal from order of Supreme Court, Nassau County, Murphy, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Green, Lawton and Davis, JJ.