(June 24, 1993)

■ MUSIC SALES CORPORATION, Respondent, v MARK MUSIC SERVICE, LTD., Appellant. [599 NYS2d 280] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered May 13, 1992, which, in an action for goods sold and delivered and on an account stated, granted plaintiff's motion for summary judgment in the amount of $211,166.51, consisting of $177,973.11 representing the face amount of the invoices sued

upon plus "finance charges" claimed to have accrued up to the date of the motion, together with prejudgment interest at the statutory rate from the date of each invoice, unanimously modified, on the law, (1) to deny summary judgment on the claim for finance charges, and (2) to award prejudgment interest at the statutory rate from March 14, 1991 on the invoices issued before that date, and from the date of the invoice on the two invoices issued after that date, and otherwise affirmed, without costs.

Plaintiff, seller of music publications, supplied publications to defendant for a period of time, allowing defendant up to six months to pay invoices without penalty. Defendant's payments slowed, however, and, concerned over the size of the $239,000 outstanding balance, plaintiff, on March 14, 1991, demanded payment on outstanding invoices, offering to allow defendant to pay in five installments. A counteroffer by defendant occasioned attempts by the parties to reach an agreement on installment payments, but, as found by the IAS Court, it does not appear that there was ever a " 'meeting of the minds' " regarding new repayment terms. Even so, defendant made two monthly payments of $30,000, but when it failed to make a third payment in a manner plaintiff deemed timely, plaintiff delivered to defendant an itemized accounting for outstanding invoices, two of which had been issued after March 14, 1991, and totalling $177,973.11 plus a finance charge. Suit was commenced almost immediately thereafter. Defendant admitted that it had received plaintiff's accounting without objection and not paid any of the $177,973.11, but denied that plaintiff had stated an account or that it owed plaintiff the total amount of the invoices plus a finance charge.

We agree with the IAS Court that plaintiff sustained its burden of showing that goods were sold and delivered in the amounts stated in the invoices, but disagree that plaintiff established its entitlement to finance charges, or to interest predating its demand for payment on March 14, 1991, since it does not appear that it had been plaintiff's custom to charge interest on its invoices to defendant. Furthermore, prejudgment interest under CPLR 5001 (b) should have been computed from the earliest ascertainable date the cause of action existed, i.e., March 14, 1991, the date plaintiff first demanded that defendant pay down its outstanding account. Accordingly, we modify to grant partial summary judgment to plaintiff in the amount of $177,973.11, with statutory interest from March 14, 1991 on invoices issued before that date and from

the date of the invoice on invoices issued after that date. Concur—Wallach, J. P., Kupferman, Ross and Kassal, JJ.