■ SUNKYONG AMERICA, INC., Respondent, v BETA SOUND OF MUSIC CORP., Appellant. [605 NYS2d 62] —Order, Supreme Court, New York County (Myriam Altman, J.), entered November 12, 1992, which granted the plaintiff's motion for summary judgment pursuant to CPLR 3212 as against the defendant and dismissed the defendant's counterclaims, and judgment of the same court and Justice, entered thereon on December 1, 1992, in favor of the plaintiff and against the defendant in the sum of $28,190.68, plus interest, costs and disbursements, unanimously affirmed, with costs.

The IAS Court, in granting plaintiff summary judgment and dismissing the counterclaims in the underlying action for goods sold and delivered and for an account stated, properly determined that the defendant had failed to submit sufficient documentary evidence, raising genuine triable issues of fact, in support of its defenses and counterclaims, so as to preclude summary judgment in plaintiff's favor *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The uncontroverted evidence established a sale and delivery of the goods in question, the defendant's acceptance of the goods and its failure either to pay the agreed upon price or raise any objection to the sale terms, as reflected in the

invoices, when the goods were delivered or within a reasonable time thereafter *(see, Avis Rent A Car Sys. v McNamara Buick Pontiac,* 90 AD2d 783; *Sunbeam Corp. v Morris Distrib. Co.,* 55 AD2d 722, 723).

The parol evidence rule embodied in UCC 2-202 bars the introduction by the defendant of proof of any alleged oral agreement between the parties which would vary the terms of the plaintiff's invoices, which were the final written expression of the parties' sales agreement *(see, Battista v Radesi,* 112 AD2d 42).

In addition, defendant's conduct, in reselling the goods to its retail customers, constituted acceptance under UCC 2-606 (1) (c), which provides, in pertinent part, that goods are accepted when the buyer "does any act inconsistent with the seller's ownership", such as a resale *(cf., Maggio Importato v Cimitron, Inc.,* 189 AD2d 654, *lv denied* 82 NY2d 652).

Finally, we agree with the IAS Court that the papers submitted by the defendant in opposition to the motion for summary judgment failed to raise any bona fide issue of fact in support of the counterclaims for breach of contract and breach of the duty of good faith and fair dealing which would preclude summary judgment in the plaintiff's favor *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

We have reviewed the defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.