■ Haun Welding Supply, Inc., Respondent-Appellant, v National Union Fire Insurance Company of Pittsburgh, Pa., Appellant-Respondent. (Appeal No. 1.) [636 NYS2d 512] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On appeal from a judgment awarding plaintiff the sum of $76,972.25, inclusive of prejudgment interest at the statutory rate from October 31, 1993, costs and disbursements, defendant contends that Supreme Court erred in concluding that plaintiff made a timely claim under the terms of a labor and material payment bond with respect to deliveries made by plaintiff to a subcontractor more than 90 days before the claim was made. On its cross appeal from the judgment, plaintiff contends that the court erred in limiting its recovery and in limiting prejudgment interest to the statutory rate.

Pursuant to an open account, plaintiff delivered materials and rental equipment to a subcontractor on a 79.9 megawatt cogeneration plant under construction. The general contractor on that project posted a labor and material payment bond in the amount of $81,106,000. Defendant is the surety on that bond, which contains the following language: "No suit or action shall be commenced hereunder by any claimant * * * [u]nless claimant, other than one having a direct contract with the Principal, shall have given notice to any two of the following: The Principal, the Owner, or the Surety * * * within ninety (90) days after such claimant * * * furnished the last of the materials for which said claim is made".

By correspondence dated October 28, 1993, plaintiff made a claim pursuant to the terms of the bond for unpaid invoices. On April 7, 1994, plaintiff commenced this action seeking damages in the sum of $76,831.84, for materials and rental equipment provided between April 1993 and March 1994. Defendant interposed its answer alleging, *inter alia,* that plaintiff failed to provide timely notice to defendant of its claim pursuant to the terms of the bond. Thereafter, plaintiff moved and defendant cross-moved for summary judgment, and the court awarded judgment to plaintiff for $76,972.25.

We conclude that plaintiff is not entitled to judgment on its claim for $33,125.40, which represents the cost of materials and rental equipment delivered more than 90 days before the claim was made. It is undisputed that plaintiff and the subcontractor had no single master or comprehensive contract. Rather, they had an open account whereby plaintiff supplied

materials or rental equipment to the subcontractor as ordered and submitted an invoice to the subcontractor after each delivery. Therefore, each invoice represented a separate contract requiring compliance with the 90-day notice provision *(see, New York Plumbers' Specialties Co. v Barney Corp.,* 52 AD2d 832, 833). Therefore, we modify the judgment on appeal by subtracting the amount of $33,125.40 from the sum awarded to plaintiff.

We further modify the judgment by adding the sum of $489.14 to the amount to which plaintiff is entitled. The record establishes that defendant counted that sum twice in arriving at the cost of materials and equipment it alleges were delivered to the subcontractor's office and not to the project site.

We reject the assertion of plaintiff that it established entitlement to prejudgment interest at a rate of $1^{1}/_{2}\%$ per month pursuant to the terms of the invoices. Although the subcontractor accepted materials and rental equipment accompanied by invoices that included the statement "a finance charge of $1^{1}/_{2}\%$ per month will be charged on all past due accounts", we conclude that the proof is insufficient to establish entitlement to prejudgment interest at that rate *(see, Rubin & Sons v Clay Equip. Corp.,* 184 AD2d 168, 171, *lv dismissed* 82 NY2d 748; *Levy, King & White Adv. v Gallery of Homes,* 177 AD2d 967, 968). Thus, we conclude that the court properly awarded prejudgment interest at the statutory rate of 9%.

Therefore, we modify the judgment by awarding plaintiff $35,691.08 plus prejudgment interest at the statutory rate *(see,* CPLR 5004) from October 31, 1993, together with costs and disbursements of $505. In all other respects, the judgment is affirmed. (Appeals from Judgment of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.