The GATES RUBBER COMPANY, Plaintiff,

v.

**VEHICLE PARTS WAREHOUSE CORPORATION, Defendant.**

No. 95–CV–3723(JRB).

United States District Court, E.D. New York.

June 24, 1996.

Order of Judgment July 29, 1996.

John P. McCahey, Hahn & Hessen, New York City, for The Gates Rubber Company.

Edward C. Kramer, Kramer & Kramer, New York City, for Vehicles Parts Warehouse Corporation.

*MEMORANDUM–DECISION AND ORDER*

BARTELS, District Judge.

Pursuant to Fed.R.Civ.P. 56(a), Plaintiff The Gates Rubber Company ("Gates") moves for summary judgment in this diversity contract action brought against Defendant Vehicle Parts Warehouse Corporation ("Vehicle Parts"). For the reasons set forth below, the motion is granted.

## BACKGROUND

The following undisputed facts appear in the parties' papers. Gates, a Colorado corporation, manufactures various automotive parts. Between approximately December 1994 and July 1995, pursuant to a distribution agreement dated November 6, 1985, Vehicle Parts, a New York corporation, accepted certain goods from Gates valued at $176,275.86 for distribution. In spite of the fact that Gates began billing for the goods in December 1994 or January 1995 and continued each month thereafter, Vehicle Parts never tendered payment. Payment was due within 30 days of receipt of each invoice.

The distribution agreement contains a clause that reads, "[Vehicle Parts] agrees to pay for all Gates merchandise purchased by [it] at the prices and in accordance with the terms of payment established by Gates from time to time." (Thomas Aff. in Supp. of Pl's.Mot. for Summ.J. Ex. A) Each month, the invoices stated that charges were subject to a 1½% "financial carrying charge for each

30 days past due." There is no indication in the parties' papers whether, in the approximately ten years for which the distribution agreement governed the relationship between the parties, Gates ever charged, or Vehicle Parts ever paid, a finance charge.

Vehicle Parts contended that any amount due should be reduced by at least $22,000 in accordance with an incentive program promulgated by Gates. Although Gates originally contested this defense, in supplemental papers requested by the Court, it later waived its objections to a rebate of $20,-826.99. Vehicle Parts did not object to this accounting.

As the parties now agree that Vehicle Parts owes Gates $155,448.87 (representing the value of the goods sold, delivered and accepted at $176,275.86, less a credit of $20,-826.99), and there is no issue of fact regarding the sale of goods in dispute, the sole remaining issue is whether the finance charge is collectable.

## DISCUSSION

Applying the standard applicable for summary judgment motions, it is uncontroverted that Vehicle Parts never paid Gates for $155,448.87 worth of goods which it ordered and accepted. Therefore, as a matter of law, payment is due and summary judgment for this amount is appropriate. *Daviro Corp. v. Aras Corp.*, 167 A.D.2d 985, 562 N.Y.S.2d 7 (4th Dep't 1990); *Avis Rent A Car System v. McNamara Buick Pontiac*, 90 A.D.2d 783, 455 N.Y.S.2d 643 (2d Dep't 1982); *Sunkyong America, Inc. v. Beta Sound of Music Corp.*, 199 A.D.2d 100, 605 N.Y.S.2d 62, 63 (1st Dep't 1993); N.Y.U.C.C. §§ 2–606(1)(b), (c) and 2–607(1).

■ The Court must now inquire whether or not the finance charge was part of the contract. If it was, the Court must decide whether the finance charge is enforceable upon summary judgment or whether it is void either as a penalty or usury.

Because this case is before the Court based upon diversity jurisdiction, New York substantive law applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–80, 58 S.Ct. 817, 822–23, 82 L.Ed. 1188 (1938); *Hanna v. Plu-*

*mer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 1140–41, 14 L.Ed.2d 8 (1965).

■ Recent New York law is unambiguous that notice of a finance charge on monthly invoices alone does not evidence agreement to the finance charge and entitle plaintiff to interest at the contract rate. In order to prevail at a rate higher than the statutory 9% per annum, the contract itself must clearly specify the rate to be charged. *Haun Welding Supply v. National Union Fire Ins.*, 222 A.D.2d 1099, 636 N.Y.S.2d 512, 513 (4th Dep't 1995); *Harry Rubin & Sons v. Clay Equipment*, 184 A.D.2d 168, 591 N.Y.S.2d 596, 598 (3rd Dep't 1992); *Levy, King & White Advertising v. Gallery of Homes*, 177 A.D.2d 967, 577 N.Y.S.2d 1012, 1013 (4th Dep't 1991); *Marine Management v. Seco Management*, 176 A.D.2d 252, 574 N.Y.S.2d 207, 208–09 (2nd Dep't 1991) *aff'd* 80 N.Y.2d 886, 587 N.Y.S.2d 900, 600 N.E.2d 627 (1992).

The notion put forth by Gates that the interest rate specified on the invoices became a part of the contract through the New York UCC was rejected by the court in *Harry Rubin & Sons*. 591 N.Y.S.2d at 598. As Gates has put forth no evidence that the finance charge was ever subject to a course of dealing with Vehicle Parts, the necessary inference upon summary judgment is that during the course of the parties' relationship, a finance charge was neither levied nor paid, thus it is not a term of the agreement. *Music Sales Corp. v. Mark Music Service, Ltd.*, 194 A.D.2d 470, 599 N.Y.S.2d 280, 281 (1st Dep't 1993).

Although in *Lockwood Corp. v. Black*, 501 F.Supp 261, 265 (N.D.Tex.1980), *aff'd* 669 F.2d 324 (5th Cir.1982), the court found that a course of dealing existed which included imposition of a finance charge, that case is not applicable here. In *Lockwood*, the parties' conduct mirrored their conduct under a previous contract which clearly specified the finance charge, and the court merely imputed the original unambiguous finance terms to the parties' continued dealings.

As the imposition of a finance charge never became a term of the contract, the Court need not address whether such a term would

be valid. For this reason, the remainder of the cases which Gates cites to support the proposition that the finance charge is neither usurious nor an impermissible penalty are inapposite and not discussed here.

## CONCLUSION

Accordingly, for the reasons stated above, summary judgment for Gates is GRANTED in the amount of $155,448.87.

Because of discrepancies in the figures cited by Gates (Thomas Supp'l Aff. in Supp. of Pl's.Mot. for Summ. J. ¶¶ 4, 6 and 10) the Court is unable to determine the amount and due date for each payment comprising the $155,448.87 and therefore cannot assign dates for the accrual of statutory interest under CPLR §§ 5001, 5004.

Accordingly, Gates has until July 8, 1996 to submit evidence of the date each payment became due and the amount of each payment. Vehicle Parts has until July 17, 1996 to submit any objections to such accounting. Both parties must file an original of all papers with the clerk's office and submit a courtesy copy to chambers.

**SO ORDERED.**

## *JUDGMENT*

WHEREAS, by Memorandum and Order dated June 24, 1996, the Court granted summary judgment in this action in the amount of $155,448.87 in favor of Gates Rubber Company, and

WHEREAS, the Court required supplemental evidence in order to determine the amount of statutory interest due and owing, and

WHEREAS, Gates Rubber Company submitted evidence that the amount of principal and interest due and owing as of June 15, 1996 totaled $169,944.59, and that interest continues to accrue on the principal amount at the rate of 9% per annum until entry of judgment, and

WHEREAS, the fact that Vehicle Parts Warehouse Corporation did not object to such accounting was confirmed by letter dated July 8, 1996 and telephone conference with chambers on July 25, 1996;

IT IS HEREBY ORDERED that as of June 15, 1996, the principal amount plus interest due and owing Gates Rubber Company totaled $169,944.59, and

IT IS HEREBY FURTHER ORDERED that prejudgment interest at the rate of 9% per annum on the principal amount of $155,448.87 continues to accrue from June 15, 1996 until this judgment is entered, and

IT IS HEREBY FURTHER ORDERED that the Clerk of the Court immediately enter judgment as directed herein and mail copies of the judgment to the parties.

**SO ORDERED.**