OY SAIMAA LINES LOGISTICS
LTD., Plaintiff,

v.

MOZAICA–NEW YORK, INC., doing
business as Mozaic Transportation
Lines, Defendant.

No. 98–CV–4957.

United States District Court,
E.D. New York.

April 19, 2000.

Rebecca Northey, Mussman & Northey, New York City, for plaintiff.

## ORDER

GERSHON, District Judge.

The attached Report and Recommendation of the Honorable Robert M. Levy, United States Magistrate Judge, thoroughly and accurately addresses the legal issues that were referred to him. Accordingly, the Report and Recommendation is adopted in its entirety as the decision of this Court.

## SO ORDERED.

## REPORT AND RECOMMENDATION

LEVY, United States Magistrate Judge.

By order dated March 25, 1999, the Honorable Nina Gershon, United States District Judge, referred this matter to me for a report and recommendation on the application by plaintiff Oy Saimaa Lines Logistics Ltd. ("plaintiff" or "OSLL") for a default judgment against defendant Mozaica–New York, Inc., doing business as Mozaic Transportation Lines ("defendant" or "Mozaica"). By Report and Recommendation dated April 6, 1999, I recommended that plaintiff's application be granted, and I directed plaintiff to file a written inquest submission in support of its claim for damages on or before May 3, 1999 and defendant to file opposing papers, if any, on or before May 31, 1999. By order dated April 9, 1999, Judge Gershon adopted my Report and Recommendation. Plaintiff then filed its inquest submission in a timely manner, but defendant again failed to respond. Accordingly, all that remains of this case is a calculation of the damages to be awarded plaintiff. For the reasons stated below, I respectfully recommend that an award of $215,873.38, together with a prejudgment interest on $242,295.38, commencing as of July 19, 1997 at the rate of nine percent (9 %) per year, be entered in favor of plaintiff.

## BACKGROUND AND FACTS

Plaintiff brought this action against Mozaica on July 30, 1998, alleging breach of contract. Specifically, the complaint alleges that defendant failed to pay for services provided to it by plaintiff and seeks compensatory damages in the amount of $215,837.38, with interest at the rate of eighteen percent (18 %) on each unpaid invoice from the date of maturity, plus court fees and costs in the amount of $190.00. (Compl. at 3 and Schedule B.) This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, since plaintiff is a citizen of a foreign state, defendant is a citizen of the State of New York, and the amount in controversy exceeds $75,000, exclusive of interests and costs. (Compl. ¶ 4.)

Plaintiff's allegations, which this court must accept as true upon defendant's default,[1] are as follows:

Between October 1986 and April 1998 plaintiff performed certain work, labor, and services for Mozaic. (Compl. ¶ 6.) Plaintiff performed those services, which consisted primarily of freight forwarding, distribution, shipping, and warehousing services in Finland and Russia, at the request of defendant's agents. (Compl. ¶¶ 6, 7.) Plaintiff alleges that the total agreed price and reasonable value of the work and services provided to Mozaica was $242,295.38. (Compl. ¶ 8.) Annexed to the complaint is a list of items of work, labor, and services plaintiff performed. (Compl. ¶¶ 8, 9 and Schedule A.) Moreover, plaintiff avers that defendant made no objections to the invoices plaintiff submitted to it for work and services performed. (Compl. ¶ 10.) Plaintiff claims that defendant agreed to pay those invoices, each of which specified that the payment was due within ten (10) days of receipt of the invoice and that interest at the rate of eighteen percent (18%) would be charged on overdue payments. (Compl. ¶¶ 10, 11.) According to the complaint, defendant paid a total of

---

1. Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir.1993); *Greyhound Exhibitgroup, Inc. v.* *E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993); *Time Warner Cable of New York City v. Googies Luncheonette, Inc.,* 77 F.Supp.2d 485, 487 (S.D.N.Y.1999).

$29,492.00 for the labor and services rendered, but has failed to make payments on the outstanding balance of $215,873.38, despite repeated demands. (Compl.¶ 12.) Plaintiff thus seeks compensatory damages in the amount of $215,973.38, with interest at the rate of eighteen percent (18%) on each invoice from the date of maturity. (Compl. at 3.) In addition, plaintiff seeks $190 in costs and fees. (*See* Declaration of Timo Laine in Support of Default Judgment, dated Feb. 10, 1999 ("Laine Decl."), Schedule B.)

## DISCUSSION

### I. *Compensatory Damages*

▮ "[T]he general rule for measuring damages for breach of contract has long been settled. It is the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir.1995) (quoting *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 92 (2d Cir.1984)). Rule 55(b)(2) of the Federal Rules of Civil Procedure guides the court as to the appropriate method for determining compensatory damages in cases such as this. The rule provides, in pertinent part: "If, in order to enable the court to enter judgment ... it is necessary ... to determine the amount of damages ..., the court may conduct such hearings or order such references as it deems necessary and proper...." The decision as to whether or not a hearing is necessary is therefore within the court's discretion. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment"). The court may simply rely on detailed affidavits or documentary evidence in evaluating the proposed sum. *Id.; see also Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir.1991) (court had sufficient basis to deny defense request for a full evidentiary hearing on damages and to evaluate fairness of sum

requested based on affidavits and oral argument).

▮ Plaintiff has provided the court with sufficient documentary proof regarding the damages it sustained. First, plaintiff has submitted a declaration by Timo Laine, OSLL's Managing Director, stating that plaintiff performed the services described in the complaint and attaching a detailed list of those services with accompanying dates, prices, and invoice numbers. (Laine Decl., Schedule A.) In addition, plaintiff has submitted copies of all of the actual invoices defendant failed to pay. (*See* Declaration of Rebecca Northey, Esq., dated April 28, 1999, and attached documents.) Finally, plaintiff has provided a signed and itemized Bill of Costs, together with copies of cancelled checks, seeking reimbursement for $150.00 in court filing fees and $40.00 for service of process on the Secretary of State, for a total of $190.00 in costs and fees. Accordingly, the court has a "sufficient basis from which to evaluate the fairness of the ... sum." *Fustok*, 873 F.2d at 40.

Having reviewed plaintiff's submissions thoroughly, I am satisfied that plaintiff has demonstrated actual damages in the amount it requests. I therefore respectfully recommend that plaintiff be awarded $215,873.38 in compensatory damages and $190.00 in costs.

### II. *Prejudgment Interest*

▮ Since the jurisdiction of this court is premised on diversity, and the right to interest on a cause of action qualifies as a substantive right, the court must look to New York law in calculating pre-judgment interest. *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984); *see also Sales v. Republic of Uganda*, 828 F.Supp. 1032, 1035 (S.D.N.Y.1993). The applicable New York statute provides, in pertinent part:

Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the

rate and date from which it shall be computed shall be in the court's discretion.

N.Y.C.P.L.R. 5001(a) (McKinney 1992).

Under New York law, prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract. *Adams*, 730 F.2d at 93. *See also Julien J. Studley, Inc. v. Gulf Oil Corp.*, 425 F.2d 947, 949 (2d Cir.1969) (recognizing mandatory nature of section 5001(a) and stating that " '[i]nterest must be added if we are to make the plaintiff whole' ") (quoting *Prager v. New Jersey Fid. & Plate Glass Ins. Co.*, 245 N.Y. 1, 156 N.E. 76, 77 (1927)). Thus, OSLL is entitled to receive prejudgment interest pursuant to N.Y.C.P.L.R. 5001(a).

### A. *The Prejudgment Interest Rate*

The Second Circuit has repeatedly held that, since N.Y.C.P.L.R. 5001 is phrased in mandatory terms, New York law does not permit the trial court to exercise any discretion with regard to prejudgment interest determinations. *United Bank Ltd. v. Cosmic Int'l, Inc.*, 542 F.2d 868, 878 (2d Cir.1976). The applicable New York statute that governs in the instant case is N.Y.C.P.L.R. 5004, which states:

> Interest shall be at the rate of *nine per centum per annum*, except where otherwise provided by statute.

N.Y.C.P.L.R. 5004 (McKinney 1981) (emphasis supplied). Under New York law, the court has no discretion to award prejudgment interest at a rate higher than the statutory rate. *International Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1494 (9th Cir.1985) (applying New York law to determine rate of post-judgment interest); *see also Two Clinton Square Corp. v. Computerized Recovery Sys., Inc.*, 84 A.D.2d 911, 912, 446 N.Y.S.2d 663 (1981) (court has no discretion in awarding interest unless authorized by statute).

However, even if the court were otherwise authorized to increase the interest rate to a rate higher than the statutory nine percent per annum, it could not do so unless the contract between the parties clearly specified the rate to be charged. *Gates Rubber Co. v. Vehicle Parts Warehouse Corp.*, 952 F.Supp. 132, 133 (E.D.N.Y.1996). New York law is unambiguous that "notice of a finance charge on monthly invoices alone does not evidence agreement to the finance charge and entitle plaintiff to interest at the contract rate." *Id.; see also Haun Welding Supply, Inc. v. National Union Fire Ins.*, 222 A.D.2d 1099, 1100, 636 N.Y.S.2d 512 (4th Dep't 1995) (awarding prejudgment interest at the statutory rate of nine percent, notwithstanding invoices stating that a finance charge of one and a half percent per month would be charged on all past due accounts); *Harry Rubin & Sons v. Clay Equipment*, 184 A.D.2d 168, 173, 591 N.Y.S.2d 596 (3d Dep't 1992) (rejecting notion that an interest rate specified on invoices can become part of the contract through the New York UCC).

Plaintiff seeks prejudgment interest at the rate of eighteen percent. (Declaration of Rebecca Northey, Esq. Regarding Pre–Judgment Interest, dated Mar. 1, 1999, ¶ 2.) As the basis for its request, OSLL relies solely on copies of unpaid invoices for the services provided to defendant, each of which states, in very fine print: "Terms of payment 10 days net. Overdue payment 18%." Plaintiff provides no legal support for the proposition that the interest rate specified on the invoices became a part of the contract between the parties. Nor does plaintiff proffer any evidence that the finance charge was ever the subject of its course of dealings with Mozaica. Indeed, OSLL puts forth no proof that the finance charge was ever levied or paid. As the finance charge of eighteen percent never became a part of contract between the parties, I respectfully recommend that plaintiff be awarded prejudgment interest at the statutory rate of nine percent.

### B. *Amount on which Prejudgment Interest Should be Computed*

The principal amount for the services provided to defendant was $242,295.38. However, according to plaintiff's records, defendant made the following payments:

| Date paid | Amount paid | Days overdue |
|---|---|---|
| March 7, 1997 | $2,900.00 | 723 |
| July 23, 1997 | $9,990.00 | 585 |
| July 1, 1997 | $7,100.00 | 607 |
| August 21, 1997 | $9,502.00 | 556 |

Thus, the total amount defendant paid was $29,492.00. Since all of the payments made were overdue for at least a year and a half, I respectfully recommend that interest at the statutory rate of nine percent per annum be calculated on the principal amount of $242,-295.38, and that the total amount paid ($29,-492.00) be deducted thereafter.

### C. *Accrual of Pre–Judgment Interest.*

Under New York law:

Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. *Where such damages were incurred at various times, interest shall be computed* upon each item from the date it was incurred or *upon all of the damages from a single reasonable intermediate date.*

N.Y.C.P.L.R. 5001(b) (McKinney 1992) (emphasis supplied).

In cases where payments were due over a period of time, courts have construed the statutory language "upon all of the damages from a single reasonable intermediate date" as meaning a reasonable intermediate date during the period in which payments due would have been made. *Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co.,* 804 F.2d 787, 796 (2d Cir.1986) (reversing and remanding with instructions for the district court to calculate prejudgment interest from a reasonable intermediate date); *Gargano v. Diocese of Rockville Centre,* 888 F.Supp. 1274, 1288 (E.D.N.Y.1995) (setting a midway point for the purposes of prejudgment interest calculations where damages were incurred over time), *aff'd,* 80 F.3d 87 (2d Cir.1996); *Robert Half Int'l, Inc. v. Jack Valentine, Inc.,* 157 Misc.2d 318, 596 N.Y.S.2d 955, 958 (1993) (fixing a date which was the midpoint of the dates of invoices due); *see also Decor by Nikkei Int'l, Inc. v. Federal Republic of Nigeria,* 497 F.Supp.

893, 912 (S.D.N.Y.1980), *aff'd sub nom., Texas Trading & Mill. Corp. v. Federal Republic of Nigeria,* 647 F.2d 300 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982).

In this case the payments on the outstanding invoices were due between October 25, 1996 and April 8, 1998. Since the payments were due on various dates over a long period of time, the court has the power to select a "single reasonable intermediate date" pursuant to N.Y.C.P.L.R. 5001(b). I therefore respectfully recommend that the interest at the statutory rate of nine percent per year should be calculated as of July 19, 1997, which is approximately the midpoint between October 25, 1996 and April 8, 1998.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff be awarded compensatory damages in the amount of $215,-873.38 and $190.00 in costs. I further recommend that plaintiff be awarded prejudgment interest on the amount of $242,295.38 at the rate of nine percent (9 %) per year accruing on July 19, 1997.

Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Gershon and the undersigned, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. *See* 28 U.S.C. 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

March 23, 2000.