■ Specialty Products & Insulation Company, Appellant, v St. Paul Fire & Marine Insurance Company, Respondent. [731 NYS2d 284] —Mercure, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered January 18, 2001 in Broome County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

Northland Associates, Inc. entered into a public works

contract with Broome County for the construction of additions and ·alterations to the Broome County Family Court and County Court facilities (hereinafter the project). Defendant issued a payment bond in favor of Northland and the County to secure the payment of labor and material furnished on the project. Between October 15, 1998 and December 17, 1998, plaintiff furnished material for the project and submitted eight separate invoices therefor totaling $48,578.34. The invoices were not paid and, on March 29, 1999, plaintiff gave Northland notice of the default in payment of the invoices.

In October 1999, plaintiff commenced this action against defendant seeking payment on the bond in the amount of $48,578.34, together with counsel fees, interest, costs and disbursements. Defendant asserted as its first affirmative defense that plaintiff furnished the material on an open account, that each invoice constituted a separate contract, and that plaintiff failed to give timely notice of its claim pursuant to State Finance Law § 137. Plaintiff thereafter moved for summary judgment and defendant cross-moved for summary judgment. Supreme Court denied plaintiff's motion, granted defendant's cross motion, and dismissed the complaint. Plaintiff appeals.

State Finance Law § 137 (3) provides in pertinent part: "Every person who has furnished labor or material, to the contractor or to a subcontractor of the contractor, *in the prosecution of the work provided for in the contract* and who has not been paid in full therefor * * * shall have the right to sue on such payment bond in his own name * * *; provided, however, that a person having a direct contractual relationship with a subcontractor of the contractor furnishing the payment bond but no contractual relationship express or implied with such contractor shall not have a right of action upon the bond *unless he shall have given written notice to such contractor within one hundred twenty days from the date on which the last of the labor was performed or the last of the material was furnished*" (emphasis supplied). Relying upon the decision of the Fourth Department in *Haun Welding Supply v National Union Fire Ins. Co.* (222 AD2d 1099; *accord, New York Plumbers' Specialties Co. v Barney Corp.*, 52 AD2d 832), which concerned itself with the interpretation of a private bond and did not involve State Finance Law § 137 in any way, Supreme Court applied pure contract law and treated each individual invoice as a discrete contract, with a separate 120-day notice period applying thereto. Although such an approach would undoubtedly be correct if employed in determining the date of expiration of the

Statute of Limitations on contract actions on the separate invoices, we believe that Supreme Court's analysis overlooks the clear language of State Finance Law § 137 (3), which provides that the 120-day notice period commences on the date of the furnishing of the last material on the project. In our view, Supreme Court's contract-focused analysis simply does not comport with the statute's project-based structure.

To the contrary, as with the Federal Miller Act (40 USC § 270a *et seq.*), upon which State Finance Law § 137 is modeled (*see, Russo Trucking & Excavating v Pennsylvania Resource Sys.*, 169 AD2d 239, 243), State Finance Law § 137 (3) contemplates a single notice within 120 days "from the furnishing of the last material furnished in the prosecution of the prime contract from which claim is made" (*United States ex rel. Edwards & Co. v Bregman Constr. Corp.*, 172 F Supp 517, 522; *see, United States ex rel. A & M Petroleum v Santa Fe Engrs.*, 822 F2d 547, 548; *Noland Co. v Allied Contrs.*, 273 F2d 917, 920-921; *but see, United States ex rel. DeFilippis Crane Serv. v Crow Constr. Co.*, 826 F Supp 647, 654-655; *United States ex rel. Burack, Inc. v Sovereign Constr. Co.*, 338 F Supp 657). The interpretation espoused by defendant would lead to an absurd result—a flood of notices to general contractors, each based upon a single delivery by a single supplier of labor or material (*see, United States ex rel. Edwards & Co. v Bregman Constr. Corp.*, *supra*, at 522). Furthermore, defendant's construction serves to defeat the overriding purpose of the statute which is to protect individuals furnishing labor and material on public works projects (*see, United States ex rel. Noland Co. v Andrews*, 406 F2d 790, 794).

Because Supreme Court's erroneous construction of State Finance Law § 137 (3) prevented it from determining the merits of plaintiff's cause of action, we shall grant partial summary judgment dismissing defendant's first affirmative defense and remit the matter to Supreme Court for consideration of the balance of plaintiff's motion.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted to the extent that plaintiff is awarded partial summary judgment dismissing defendant's first affirmative defense, cross motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.