PENSION BENEFIT GUARANTY CORPORATION, Plaintiff,

v.

NASTASI WHITE, INC., as Plan Sponsor of Nastasi White Inc. Pension Plan, Defendant.

No. 05 CV 3046(NG)(RML).

United States District Court, E.D. New York.

March 2, 2007.

Charles L. Finke, Rhonda N. Baird, Pension Benefit Guaranty Corporation Office of the Chief Counsel, Washington, DC, for Plaintiff.

## *REPORT AND RECOMMENDATION*

LEVY, United States Magistrate Judge:

By order dated October 4, 2006, the Honorable Nina Gershon, United States District Judge, granted plaintiff's motion for a default judgment and referred this matter to me for a report and recommendation regarding the scope of relief to be afforded the plaintiff. For the reasons stated below, I respectfully recommend that the court grant each of the plaintiff's requests for relief.

## BACKGROUND AND FACTS

A defendant who defaults by failing to answer or otherwise move with respect to the complaint, as the defendant here has done, is deemed to have admitted all of the well-pleaded allegations in the complaint

pertaining to liability. *Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir.1993); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc.,* 193 F.R.D. 87, 89 (E.D.N.Y.2000). Plaintiff's allegations are as follows:

Nastasi White, Inc. ("defendant") was a New York corporation operating in Flushing, New York. (Complaint, dated June, 2005 ("Compl."), 5.) The defendant ceased its operations and terminated its employees on or around November 30, 2003. (*Id.*) The defendant had administered the Nastasi White, Inc. Pension Plan ("the Plan"), but the Plan is currently unadministered and lacks the assets to pay beneficiaries to whom benefits are currently due. (*Id.* 1, 11.)

The Pension Benefit Guaranty Corporation ("plaintiff"), a government corporation established pursuant to 29 U.S.C. § 1302 to, *inter alia,* "provide for the timely and uninterrupted payment of pension benefits to participants and beneficiaries under [pension] plans," 29 U.S.C. § 1302(a)(2), issued a notice on March 29, 2005, sent to defendant's business address, that the Plan had not met the funding requirements of I.R.C. § 412. (Compl. 14; *id.,* Ex. A.) *See also* I.R.C. § 430 (describing the minimum requirements for single employer plans). The notice stated that the Plan had to be "terminated in order to protect the interests of the Plan's participants." (Compl., Ex. A.)

The notice was returned as undeliverable, and defendant is now listed as "inactive" by New York's Department of State. (*Id.* 15.) Plaintiff thus brought this action to terminate the Plan and have plaintiff appointed as trustee.

## DISCUSSION

Plaintiff is required to terminate a single-employer pension plan if it determines that benefits due cannot be paid because the plan lacks assets. 29 U.S.C. § 1342(a). Because beneficiaries are currently not receiving benefits owed them (Compl. 11), the Plan should be terminated "in order to protect the interests of the participants." 29 U.S.C. § 1342(c)(1). I thus respectfully recommend that plaintiff's first request for relief, a decree that the Plan be terminated, be granted.

A court may appoint a trustee of a terminated plan "if the interests of the plan participants would be better served by the appointment of the trustee." 29 U.S.C. § 1342(b)(2)(A). Plaintiff "may request that it be appointed as trustee of a plan in any case," 29 U.S.C. § 1342(b)(1), and plaintiff has so requested here. (Compl. 20–21.) Because it is in the interest of the beneficiaries of the Plan, and because plaintiff is "ready, willing and able to serve as trustee," (*Id.* 20), I respectfully recommend that plaintiff be appointed trustee of the Plan.

Plaintiff also seeks a decree as to the date of termination of the Plan, and suggests November 30, 2003, the date on which defendant ceased operation. (*Id.* 24.) The termination date of a plan is normally determined by agreement between plaintiff and the plan administrator. 29 U.S.C. § 1348(a)(2)-(3). Because the plan administrator is unavailable, no agreement has been reached, and thus the court must determine the date of termination. 29 U.S.C. § 1348(a)(4).

Only two factors may be taken into account in setting a termination date for a pension plan: "the expectations of participants and the financial implications of termination for [plaintiff]." *In re Pension Plan for Employees of Broadway Maintenance Corp.,* 707 F.2d 647, 652 (2d Cir.1983). The first factor, the expectations of the Plan's participants, involves

"determining the earliest date when the Plan's participants had actual or constructive notice of the Plan's termination...." *Id.* at 652. While constructive notice can be a slippery notion, it "should be the time when a potential plan beneficiary should have known there was a substantial chance that the plan on which that beneficiary had relied would be terminated." *In re Pan American World Airways, Inc. Cooperative Retirement Income Plan,* 777 F.Supp. 1179, 1185 (S.D.N.Y.1991). Here, the beneficiaries were placed on constructive notice when the defendant ceased operations. Thus, November 30, 2003 is a reasonable date with respect to the "expectations of participants" factor. As to the financial implications for plaintiff, it has requested November 30, 2003 as the termination date, (Compl. 24), and thus this date likely represents an advantageous date from its perspective. I therefore respectfully recommend that the termination date of the Plan be set as November 30, 2003.

Plaintiff's final request for relief is an order that records, assets, and other property of the Plan be transferred to it. A trustee appointed under 29 U.S.C. § 1342(b) has the power "to require the transfer of all (or any part) of the assets and records of the plan to himself as trustee...." 29 U.S.C. § 1342(d)(1)(A)(ii). Thus, if plaintiff's request to be appointed trustee is granted, as I recommend, then it has the statutory power to require such transfer. I therefore respectfully recommend that plaintiff's request for an order requiring transfer of all records, assets, and other property of the Plan to plaintiff as trustee be granted.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that each of plaintiff's requests be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Gershon and to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e). Dated: Brooklyn, New York

### ORDER

GERSHON, United States District Judge.

No objections having been filed to the February 16, 2007 Report and Recommendation of Magistrate Judge Robert M. Levy, the court adopts the Report and Recommendation in its entirety. Accordingly, it is decreed that the Nastasi White, Inc. Pension Plan (the "Plan") is terminated and the effective date of termination is November 30, 2003. It is further ordered that plaintiff is appointed trustee of the Plan and that all records, assets, and other property of the Plan be transferred to plaintiff as trustee of the Plan. The Clerk of Court is directed to enter judgment accordingly and is further directed to close this case.

**SO ORDERED.**