■ SUNNY SIDE UP, INC., et al., Respondents, v. AGWAY, INC., Appellant. (Action No. 1.) AGWAY, INC., Appellant, v. MAX M. BRENDER et al., Respondents. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered June 7, 1971 in Sullivan County, which (1) granted respondents' motion for consolidation and ordered action No. 2 to be consolidated with action No. 1 in Sullivan County, and (2) denied appellant's cross motion (a) to dismiss respondent guarantors' cause of action in No. 1 for cancellation of the guaranty and (b) to dismiss respondents' affirmative defenses in action No. 2. Respondent corporation in action No. 1 sued in Sullivan County for damages in the amount of $188,219 for breach of warranties and negligence in connection with the sale of feed by appellant under a contract dated December 12, 1968. Respondents Max and Beatrice Brender (hereinafter referred to as respondent guarantors) executed a personal guaranty of the indebtedness of respondent corporation under this contract up to the amount of $150,000. The guaranty contained a clause waiving "all right of set off or other claim which said debtor or I may now have or hereafter acquire." Respondent corporation also sought in action No. 1 to cancel this guaranty. Action No. 2 was thereafter commenced in Onondaga County by appellant against respondent guarantors seeking $50,939.12 damages under the guaranty. Two affirmative defenses have been raised in the answer in this action: first, that there is another action pending between the parties based on the same facts and circumstances;

and, second, that there was nothing due and owing to appellant by respondent guarantors at the time the action was commenced. Special Term granted consolidation of the actions in Sullivan County and denied appellant's cross motion to dismiss the cause of action for cancellation of the guaranty and the affirmative defenses in action No. 2. Respondent guarantors absolutely and unconditionally guaranteed payment of indebtedness of respondent corporation to appellant up to $150,000 by the waiver clause in the guaranty and waived all right of setoff or claim. Respondents allege in action No. 1 that "by virtue of the cause of action and claim for damages set forth herein * * * plaintiffs Max M. Brender and Beatrice Brender are no longer obligated, for any sum whatsoever, as a result of the execution of said guaranty." A denial of indebtedness solely because of a pending cause of action for breach of warranty does not, however, state a cause of action for cancellation of the guaranty. Once the goods were accepted the respondent corporation was required to pay for them at the contract price. Its claim for damages for defective items is separate and apart from its indebtedness for the purchase price. (Uniform Commercial Code, § 2-607; see, also, *United States for Use of Fram Corp.* v. *Crawford*, 443 F. 2d 611.) The cause of action for cancellation of the guaranty should, therefore, be dismissed, and thus, no common questions of law or fact in the two actions remain. The issues raised in the two actions are completely different, and there is, therefore, no basis for consolidation. The motion to dismiss the affirmative defense based on the pendency of another action should be granted. As for the other affirmative defense, the denial of any indebtedness owing to appellant by the respondent corporation raises the issue of whether or not there is any indebtedness to which the guaranty can attach. This is a valid defense and should not be dismissed. Order modified, on the law and the facts, by denying respondents' motion for consolidation; by granting appellant's cross motion to dismiss respondent guarantors' cause of action for cancellation of the guaranty; and by granting dismissal of respondent guarantors' affirmative defense in action No. 2 that there is another action pending, and, as so modified, affirmed, without costs. Sweeney, Kane and Reynolds, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent and vote to affirm in the following memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting): We dissent and vote to affirm on the basis of the decision at Special Term.