■ Avis Rent A Car System, Inc., Appellant-Respondent, v McNamara Buick Pontiac, Inc., Respondent-Appellant. — In an action to recover damages, *inter alia,* for breach of contract, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated April 5, 1982, as denied its motion for summary judgment on the third cause of action (which alleged a claim of breach of contract) and defendant cross-appeals from so much of the same order as denied its cross motion to dismiss plaintiff's first, second and fourth causes of action (which sought an equitable lien, rescission, and damages for fraud, respectively). Order modified, on the law, by deleting the provision which denied plaintiff's motion for summary judgment on the third cause of action and substituting a provision granting summary judgment to plaintiff on that cause of action in the amount of $471,696.16 and severing it from the complaint. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. It is undisputed that defendant received and accepted, but did not pay for, 70 automobiles it purchased from plaintiff. By its third cause of action the plaintiff seeks to recover the agreed price of such automobiles. Clearly, the plaintiff is entitled to recover the contract price for such goods (see Uniform Commercial Code, § 2-607, subd [1]) and the record before us presents no factual question that precludes granting summary judgment to the plaintiff on its third cause of action for the agreed price (see *G & D Poultry Farms v Long Is. Butter & Egg Co.,* 33 AD2d 685). The defendant's claim for monetary damages may be pursued notwithstanding the grant of summary judgment to plaintiff for the agreed amount of the automobiles accepted and retained by the defendant. Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.