■ FOLEY MACHINERY CO., Respondent, v AMACO CONSTRUC-
TION CORP. et al., Appellants.—In an action upon promissory
notes and to recover for money owed for goods sold and
delivered pursuant to a sale and security agreement, the
defendants appeal from an order of the Supreme Court, Rich-
mond County (Kuffner, J.), dated March 25, 1985, which
denied their motion to vacate a default judgment, dated
September 13, 1983, awarding the plaintiff the sum of
$129,240.40.

Ordered that the order is modified by deleting the provision
which denied that branch of the motion which was to vacate
the default judgment, dated September 13, 1983, as against
the defendant, Anthony Pepitone, substituting therefor a pro-
vision granting that branch of the motion, vacating the judg-
ment as to that defendant, and severing the action against
him. As so modified, order is affirmed, without costs or dis-
bursements.

Pursuant to a sale and security agreement, dated January
8, 1980, the defendant Amaco Construction Corp. (hereinafter
Amaco), purchased from the plaintiff a hydraulic excavator
and executed 42 promissory notes representing the purchase
price, plus finance charges. To secure payment of the notes,
the corporate defendant granted the plaintiff a security inter-
est in the hydraulic excavator and a traxcavator, and the
defendant Anthony Pepitone, the president of Amaco, person-
ally guaranteed payment of the notes. Upon default in pay-
ment of the notes, the plaintiff commenced the instant action
against the corporate defendant by serving a summons with
notice on the Secretary of State pursuant to Business Corpora-
tion Law § 306, and by substituted service on the individual
defendant, under CPLR 308 (2). The defendant Pepitone ac-
knowledged receipt of the process forwarded to the office of
the corporate defendant by the Secretary of State. Thereafter,
the defendants failed to appear and a default judgment, dated
September 13, 1983, was granted against them, awarding the
plaintiff the sum of $129,240.40. Subsequently, a notice of
public sale in New Jersey of the hydraulic excavator which
has been repossessed by the plaintiff was sent to the defen-
dants by certified mail and the defendant Pepitone attended
the Sheriff's sale of the hydraulic excavator.

The court did not abuse its discretion in denying the corpo-
rate defendant's motion to vacate the default judgment on the
ground of excusable default pursuant to CPLR 5015 (a) (1),
which requires the movant to proffer a reasonable excuse for
the default and to demonstrate a meritorious defense to the

action (see, Saltzman v Knockout Chem. & Equip. Co., 108 AD2d 908). No excuse for failing to appear in the action for over one year after the entry and knowledge of the default judgment, aside from law office failure, was proffered by the corporate defendant, albeit it was properly served, in accordance with Business Corporation Law § 306. Furthermore, the corporate president's allegations that Amaco stopped payment on the notes because the plaintiff breached its warranties regarding the hydraulic excavator is not a meritorious defense to the plaintiff's recovery of the contract price of goods Amaco undisputedly accepted (see, Uniform Commercial Code § 2-607; Avis Rent A Car Sys. v McNamara Buick Pontiac, 90 AD2d 783; Sunny Side Up v Agway, Inc., 40 AD2d 899). Additionally, the alleged inadequacy of the price obtained at the sale of the collateral is not a defense to nonpayment of the purchase price.

Although the court did not abuse its discretion in denying the corporate defendant's motion for vacatur of the default judgment, it erred in denying the individual defendant's application. The affidavit of the process server indicates that the defendant Pepitone was served with process by delivering the summons with notice to a person of suitable age and discretion at 229 Arlington Avenue, Staten Island, and by mailing a copy to the same address. Said address is the office of the corporate defendant. Moreover, in an affirmation in support of the plaintiff's motion for a default judgment, the plaintiff's attorney conceded that he did not know the individual defendant's last known residence. Mailing the summons with notice to the individual defendant's place of employment rather than his "last known residence", as required by CPLR 308 (2), rendered service improper upon the individual defendant (Prochillo v Acker, 108 AD2d 800; Chalk v Catholic Med. Center, 58 AD2d 822). The fact the defendant Pepitone acquired actual notice of the action by means other than those authorized by statute cannot serve to bring him within the jurisdiction of the court (see, Markoff v South Nassau Community Hosp., 61 NY2d 283; Feinstein v Bergner, 48 NY2d 234). Nor is the defendant Pepitone's application barred by the doctrine of laches because personal jurisdiction was not obtained, and, in any event, mere delay alone, without actual prejudice, does not constitute laches (see, Roosevelt Hardware v Green, 72 AD2d 261, 265, n 1; Wagner v Huntington Hosp., 65 AD2d 771). Since the plaintiff may still obtain a deficiency judgment against the defendant Pepitone, as guarantor of the notes (see, Chrysler Credit Corp. v Mitchell, 94 AD2d 971), the

plaintiff has not demonstrated that Pepitone's delay in making the instant motion until after the sale of the hydraulic excavator will prejudice it. Accordingly, the court erred in denying that branch of the motion which was to vacate the default judgment pursuant to CPLR 5015 (a) (4), as against Pepitone. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.