■ PAUL CONTE CADILLAC, INC., Respondent, v C.A.R.S. PURCHASING SERVICE, INC., Appellant.—In an action to recover damages for the wrongful dishonor of a check, the defendant appeals from an order of the Supreme Court, Nassau County (Ain, J.), dated March 11, 1986, which denied its motion to vacate a default judgment pursuant to CPLR 5015 (a) (1).

Ordered that the order is affirmed, with costs.

A check the defendant tendered as partial payment for a customized limousine it purchased from the plaintiff was

dishonored with the notation "refer to maker". The plaintiff commenced an action to recover the amount of the dishonored check by serving a summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. The Secretary of State mailed one copy of the process by certified mail, return receipt requested, to the defendant at the address on file with the Secretary of State. The mailing was returned "addressee unknown". After the statutory time to answer expired, the plaintiff obtained a default judgment against the defendant. Upon being advised by its bank of a restraint on its assets, the defendant made the instant motion to vacate the default judgment pursuant to CPLR 5015 (a) (1).

Since a corporate defendant's failure to receive copies of process served upon the Secretary of State due to a breach of its obligation to keep a current address on file with the Secretary of State does not constitute a reasonable excuse for its delay in appearing and answering the complaint, the court did not abuse its discretion in denying the defendant's motion to vacate its default pursuant to CPLR 5015 (a) (1) *(see, Cristo Bros. v M. Cristo, Inc., 91 AD2d 807)*.

Nor is the defendant entitled to relief pursuant to CPLR 317. While there is no necessity for a defendant to move pursuant to CPLR 317 to show a reasonable excuse for its delay in appearing *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Simon & Schuster v Howe Plastics & Chems. Co., 105 AD2d 604, 605; Meyer v Fisher & Sons Dental Lab., 90 AD2d 889)*, denial of relief under CPLR 317 is appropriate where a defendant's failure to personally receive notice of the summons was a result of a deliberate attempt to avoid such notice *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra, at p 143; Rifenburg v Liffiton Homes, 107 AD2d 1015; Cascione v Acme Equip. Corp., 23 AD2d 49)*. Here, the defendant was placed on notice of the fact that an incorrect address was on file with the Secretary of State as evidenced by the defendant's previously successful motion to vacate a default judgment entered against it by the plaintiff on the same ground. Notwithstanding this notice, the defendant failed to apprise the Secretary of State of its current address for over a 10-month period. Under these circumstances, it can be inferred that the defendant's failure to personally receive notice of the summons was a result of a deliberate attempt to avoid such notice.

Moreover, the affidavit of the defendant's president does not suffice to show a meritorious defense. Since the defendant accepted the limousine, the plaintiff is entitled to recover the

contract price, even if the vehicle was defective, as claimed by the defendant *(see,* Uniform Commercial Code § 2-607 [1]; *Avis Rent A Car Sys. v McNamara Buick Pontiac,* 90 AD2d 783). While the defendant may have a claim to recover damages for breach of warranties, such a claim is separate and apart from its indebtedness for the contract price *(see, Sunny Side Up v Agway, Inc.,* 40 AD2d 899), and may still be pursued, notwithstanding the default judgment awarded the plaintiff for the contract price *(see, Avis Rent A Car Sys. v McNamara Buick Pontiac, supra).*

The defendant's president also alleged that the plaintiff's authorized agents orally agreed to cancel or discharge the check as a deduction for the costs to be incurred in curing the defect on the vehicle and for revenues lost because of the delay in doing so. Although a negotiable instrument may be discharged by an oral agreement based upon an executed consideration *(see, Bank of United States v Manheim,* 264 NY 45, 49), the defendant's president did not allege or tender proof that the defendant actually *cured* the purported defects in the vehicle in reliance upon this agreement. Consequently, the defendant did not meet its burden of demonstrating a meritorious defense.

Accordingly, the denial of the defendant's motion to vacate the default judgment was not an improvident exercise of discretion under either CPLR 5015 (a) (1) or 317. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.