ORBIS COMPANY, INC., Respondent, v LUCY RIVERA, Doing Business as CHAZ TRAVEL, et al., Appellants.

Summary judgment was properly granted to the plaintiff for reasons stated by Justice Marbach in his decisions and orders of June 18, 1987, and May 7, 1987. We additionally note that the defendant Spiegel's disclaimer of any business affiliation with the partnership doing business under the name "Chaz Travel" is belied by a credit card receipt submitted by Spiegel as proof that he was in Seoul, Korea, on the date the plaintiff's cross motion for summary judgment was served and on

the return date of the parties' respective motions. The credit card receipt records the cardholders as the defendant Spiegel and "Chaz Travel". Moreover, the fact the goods were allegedly nonconforming is not a meritorious defense. When the goods at issue are received and accepted by the buyer, as here, the seller is entitled to recover the contract price for such goods, even if the goods are defective (see, Uniform Commercial Code § 2-607 [1]; *Foley Mach. Co. v Amaco Constr. Corp.,* 126 AD2d 603; *Avis Rent A Car Sys. v McNamara Buick Pontiac,* 90 AD2d 783; *Sunny Side Up v Agway, Inc.,* 40 AD2d 899, 900). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.