■ CAYUGA PRESS OF ITHACA, INC., Respondent-Appellant, v LITHOGRAFIKS, INC., et al., Appellants-Respondents. [621 NYS2d 187] —Mercure, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered September 21, 1993 in Tompkins County, which, *inter alia,* denied defendant Lithografiks, Inc.'s motion to set aside the verdict and plaintiff's cross motion to dismiss the counterclaim, and ordered a new trial on the issue of damages on the counterclaim.

Defendant Lithografiks, Inc. is a closely held corporation established, owned and operated by its president, defendant Paul Muhly, and Brian Bennett. Following Bennett's sudden death in January 1990, Muhly had no further interest in operating the business and decided to dispose of its assets. In May 1990, after months of negotiations and on-site inspections, plaintiff contracted to purchase a 1973 Koenig and Bauer four-color printing press from Lithografiks for $85,000. Consistent with the undisputed terms of the parties' contract, plaintiff made $7,500 payments to Lithografiks on May 10, 1990 and on July 20, 1990, with the $70,000 balance to be paid in monthly installments of principal and interest beginning November 15, 1990. In November 1990, plaintiff advised Muhly that it was having serious problems with the press and requested that Lithografiks take it back. Lithografiks refused, prompting plaintiff to commence this action seeking rescission and cancellation of the contract of sale, recovery of its deliv-

ery and setup expenses, and return of the $15,000 paid to Lithografiks, on the grounds of fraudulent representations and breach of express warranty. Defendants asserted as affirmative defenses, *inter alia,* plaintiff's acceptance of the press and failure to give timely notice of any defect or breach of warranty, and Lithografiks counterclaimed for the $70,000 principal balance and interest due under the contract.

At the ensuing trial, plaintiff offered testimony to the effect that Lithografiks had represented that the press was in good working order, that it had been used for four-color printing and that it was easy to operate when, in fact, it required substantial repairs and was, in its then condition, incapable of printing four colors in a single pass. For their part, defendants freely acknowledged making the representations alleged by plaintiff but offered testimony of Muhly and two apparently disinterested expert witnesses with years of four-color printing experience sufficient, if credited by the jury, to establish that, although modifications had been made to the press other than in accordance with the manufacturer's specifications, the representations made to plaintiff were true. The uncontroverted evidence also established that, although the press was delivered and set up in June 1990 and plaintiff was advised in early July 1990 that it required repairs approaching $40,000 in cost, plaintiff failed to notify defendants of any defects, made its second payment of $7,500 even after it learned of these problems and made no attempt to revoke acceptance until November 1990. The jury returned a special verdict finding that plaintiff had not established its claims of fraudulent representations or breach of warranty. On the counterclaim, the jury's response to special verdict question No. 3 indicated that Lithografiks failed to establish that plaintiff contracted to pay it $85,000 for the press or that plaintiff owed the $70,000 balance plus interest.

Lithografiks subsequently moved for an order setting aside the verdict with regard to the counterclaim and directing the entry of judgment in its favor or, alternatively, directing a new trial thereon. Plaintiff cross-moved for an order setting aside the verdict with regard to its causes of action. It also renewed a motion made at the end of trial to dismiss the counterclaim upon the ground that Lithografiks had been dissolved and assigned its cause of action to Muhly and Bennett's estate, the latter not being a party to the action. Supreme Court denied the motion and cross motion except to the extent of ordering a new trial on the issue of Lithografiks' damages, which it determined were equal to the balance due

under the contract less any diminution thereof attributable to the nonconformity of the printing press *(see,* UCC 2-714), despite plaintiff's failure to make any claim in that regard. The parties cross-appeal.

We agree with defendants that, consistent with the theory of the complaint, the relief demanded therein and the proof adduced at trial, the jury's finding that plaintiff failed to establish either fraud or breach of warranty (a verdict amply supported by the evidence adduced at trial) cannot be rationally reconciled with its failure to render judgment in favor of Lithografiks on the counterclaim. Accordingly, Supreme Court's order should be modified by reversing so much thereof as denied Lithografiks' motion for a directed verdict on the counterclaim and ordered a new trial. Fundamentally, once a buyer accepts goods, the seller is entitled to recover the contract price regardless of whether the goods are nonconforming *(see,* UCC 2-607 [1]; 2-709 [1] [a]; *see also, Maggio Importato, Inc. v Cimitron, Inc.,* 189 AD2d 654, 655, *lv denied* 82 NY2d 652; *Orbis Co. v Rivera,* 140 AD2d 679; *Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622-623). That being the case, a finding that plaintiff is not required to pay the balance of the contract is repugnant to the uncontroverted evidence of the parties' agreement and the jury's rejection of plaintiff's claims of fraudulent representation and breach of warranty *(see,* UCC 2-606 [1] [b]; *Sears, Roebuck & Co. v Galloway,* 195 AD2d 825). We are not at all persuaded by Supreme Court's conjecture that the jury found the goods to be nonconforming and, thus, undoubtedly denied recovery on plaintiff's first cause of action upon the theory that Lithografiks did not intend to deceive plaintiff and on the second cause of action because of plaintiff's failure to give timely notice of revocation of acceptance, and further denied recovery on the counterclaim because of its resulting conclusion that Lithografiks was not entitled to the full purchase price. Rather, we view Supreme Court's confusing compound special verdict question No. 3 as the most likely cause of the jury's inconsistent verdict and conclude that plaintiff's failure to timely advise defendants of the alleged nonconformity barred a claim for diminution of the contract price in any event *(see,* UCC 2-607 [3] [a]).

Plaintiff's remaining contentions, including the unsupported claim that Lithografiks had assigned its contract rights and was not the real party in interest *(see,* Business Corporation Law § 1005 [a] [2]; § 1006 [a] [4]) and that plaintiff was improp-

erly precluded from offering evidence of the fair market value of the press, have been considered and found to lack merit.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied the motion of defendant Lithografiks, Inc. for a directed· verdict on its counterclaim; said motion granted; and, as so modified, affirmed.