■ CHARLENE MAURO, Respondent, v 1896 STILLWELL AVENUE, INC., Appellant. [833 NYS2d 206]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 21, 2006, which denied its motion pursuant to CPLR 317 and 5015 (a) (1) to vacate a judgment of the same court dated February 13, 2004, entered upon its default in answering the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 317 and 5015 (a) (1) to vacate a judgment entered upon its default in answering the complaint. It is undisputed that the plaintiff served process upon the defendant via the Secretary of State (*see* Business Corporation Law § 306 [b]; CPLR 311 [a] [1]). The defendant failed to answer, and a default judgment was entered against it. In moving to vacate the default judgment, the defendant challenged, in pertinent part, the validity of the service of process via the Secretary of State on the ground that the plaintiff did not file an affidavit of service of additional notice in compliance with CPLR 3215 (g) (4) (i). However, a plaintiff's failure to comply with the additional notice requirement of CPLR 3215 (g) (4) (i) does not constitute a fatal defect where,

as here, the defendant fails to present grounds for vacatur of the default judgment under CPLR 317 or 5015 (a) (1) (*see Kurtz v Mitchell*, 27 AD3d 697, 698 [2006]; *Harkless v Reid*, 23 AD3d 622, 623 [2005]). The defendant's motion therefore was properly denied because it failed to demonstrate its entitlement to relief under CPLR 317 and 5015 (a) (1). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.