■ CARY PECK, Appellant, v DYBO REALTY CORP., Respondent. [908 NYS2d 364]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 30, 2009, as granted the defendant's motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated June 12, 2009, granting her unopposed motion for leave to enter judgment against the defendant upon its default in appearing or answering the complaint.

Ordered that the order dated October 30, 2009, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and the defendant's motion to vacate the order dated June 12, 2009, is denied.

A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default

and a potentially meritorious defense to the action (*see Zanani v Schvimmer*, 75 AD3d 546, 547 [2010]; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]; *see also Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). In asserting that it did not receive a copy of the summons and complaint that was served upon the Secretary of State, the defendant offered no explanation for its failure to keep a correct address on file with the Secretary of State. Accordingly, the defendant's default in appearing or answering the complaint was not excusable (*see Yellow Book of N.Y., Inc. v Weiss*, 44 AD3d 755, 756 [2007]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]).

Since the defendant failed to demonstrate that it was entitled to vacatur of the order dated June 12, 2009, under 5015 (a) (1), the plaintiff's alleged failure to comply with the additional notice requirement of CPLR 3215 (g) (4) (i), did not constitute a fatal defect (*see Mauro v 1896 Stillwell Ave., Inc.*, 39 AD3d 506, 507 [2007]; *Kurtz v Mitchell*, 27 AD3d 697, 698 [2006]; *Harkless v Reid*, 23 AD3d 622, 623 [2005]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.