■ NY SMS WATERPROOFING, INC., Respondent, v CONGREGATION MACHNE CHAIM, INC., Appellant. [917 NYS2d 869]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated March 17, 2010, as denied that branch of its motion which was to vacate a judgment of the same court entered October 20, 2009, which, upon an order of the same court dated October 19, 2009, granting the plaintiff's unopposed motion for leave to enter a judgment upon its failure to appear or answer the complaint, is in favor of the plaintiff and against it in the principal sum of $231,937.24.

Ordered that the order dated March 17, 2010, is affirmed insofar as appealed from, with costs.

To vacate the judgment entered upon an order granting the plaintiff's unopposed motion for leave to enter a judgment upon the defendant's failure to appear or answer the complaint, the

defendant was required to demonstrate a reasonable excuse for its default in opposing the motion and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Campbell-Jarvis v Alves*, 68 AD3d 701 [2009]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). The defendant failed to proffer a reasonable excuse for its failure to oppose the plaintiff's motion (*see Campbell-Jarvis v Alves*, 68 AD3d 701 [2009]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d at 392). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious opposition to the motion (*see Abdul v Hirschfield*, 71 AD3d 707, 709 [2010]; *Segovia v Delcon Constr. Corp.*, 43 AD3d 1143, 1144 [2007]; *American Shoring, Inc. v D.C.A. Constr., Ltd.*, 15 AD3d 431 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the judgment. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.