■ EDGAR GIRALDO et al., Appellants, v FRED WEINGARTEN, Defendant, and KOYTCHO KOEV et al., Respondent. [917 NYS2d 577]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated July 30, 2010, which granted the motion of the defendant Koytcho Koev to vacate a judgment of the same court entered January 14, 2010, which, upon an order of the same court dated October 30, 2009, granting the plaintiffs' unopposed motion for leave to enter a judgment against the defendant Koytcho Koev upon his failure to appear or answer the complaint, is in their favor and against the defendant Koytcho Koev in the principal sum of $400,000.

Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, and the motion of the defendant Koytcho Koev to vacate the judgment is denied.

In support of that branch of the motion of the defendant Koytcho Koev (hereinafter the defendant) which was pursuant to CPLR 5015 (a) (1) to vacate the judgment entered upon an order granting the plaintiffs' unopposed motion for leave to enter a judgment upon his failure to appear or answer the complaint, the defendant failed to demonstrate a reasonable excuse for his default in opposing the plaintiffs' motion and a potentially meritorious defense to the action (*see NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617 [2d Dept 2011]; *Bazoyah v Herschitz*, 79 AD3d 1081 [2010]; *Campbell-Jarvis v Alves*, 68 AD3d 701 [2009]). Furthermore, the defendant did not offer any explanation for the six-month delay in moving to vacate the default judgment after he received it in the mail (*see Alterbaum v Shubert Org., Inc.*, 80 AD3d 635 [2d Dept 2011]; *Bekker v Fleischman*, 35 AD3d 334 [2006]; *Epps v LaSalle Bus*, 271 AD2d 400 [2000]).

In support of that branch of his motion which was pursuant to CPLR 317 to vacate the default judgment, the defendant failed to demonstrate that he did not personally receive notice of the summons in time to defend the action (*see Thas v Dayrich Trading, Inc.*, 78 AD3d 1163 [2010]; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]).

The defendant's remaining contention is without merit.

Accordingly, the defendant's motion to vacate the judgment should have been denied. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.