■ LEON BETHUNE, Appellant, v LORNA A. PRIOLEAU, Respondent. [918 NYS2d 352]—

To vacate the order entered upon her default in opposing the motion for leave to enter a default judgment, the defendant was required to demonstrate, inter alia, a reasonable excuse for her default in opposing the motion and a potentially meritorious opposition to the motion (*see NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617 [2011]; *Assael v 15 Broad St., LLC*, 71 AD3d 802, 803 [2010]; *Abdul v Hirschfield*, 71 AD3d 707 [2010]). The defendant failed to proffer any excuse for her default in opposing the plaintiff's motion for leave to

enter a default judgment, or for her lengthy delay in moving to vacate the order entered upon her default (*see NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617 [2011]; *Assael v 15 Broad St., LLC*, 71 AD3d at 803; *Canty v Gregory*, 37 AD3d 508 [2007]; *Bekker v Fleischman*, 35 AD3d 334 [2006]; *Gainey v Anorzej*, 25 AD3d 650, 651 [2006]). In addition, the defendant failed to demonstrate a potentially meritorious opposition to the plaintiff's motion (*see NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617 [2011]). Accordingly, the Supreme Court erred in granting the defendant's motion, vacating the note of issue, and voiding the inquest on the issue of damages. Dillon, J.P., Leventhal, Belen and Cohen, JJ., concur.