■ JANINE A. CASTLE, Respondent, v AVANTI, LTD., et al., Appellants. [926 NYS2d 169]—

To vacate the order entered upon its default in opposing the plaintiff's motion for leave to enter a default judgment, the defendant Avanti, Ltd. (hereinafter the defendant), was required to demonstrate a reasonable excuse for its default in opposing the motion and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Bethune v Prioleau*, 82 AD3d 810 [2011]; *Giraldo v Weingarten*, 81 AD3d 885, 886 [2011]; *NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617, 618 [2011]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). The defendant failed, inter alia, to demonstrate a potentially meritorious opposition to the plaintiff's motion. Under the circumstances of this case, the defendant's failure to keep a current address on file with the Secretary of State did not constitute a reasonable excuse for its failure to appear or answer the complaint (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Fatima v Twenty Seven-Twenty Four Realty Corp.*, 53 AD3d 564 [2008]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Santiago v Sansue Realty Corp.*, 243 AD3d 622, 623 [1997]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622

[1987]). Accordingly, that branch of the defendant's motion which was to vacate the subject order pursuant to CPLR 5015 (a) (1) was properly denied.

Furthermore, that branch of the defendant's motion which was to vacate the subject order pursuant to CPLR 317 was properly denied, since the defendant failed to demonstrate that it did not personally receive notice of the action in time to defend (*see Coyle v Mayer Realty Corp.*, 54 AD3d 713, 714 [2008]; *Yellow Book of N.Y., Inc. v Weiss*, 44 AD3d 755, 756 [2007]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552, 553 [2007]).

Since the defendant failed to demonstrate that it was entitled to vacatur of the subject order pursuant to CPLR 317 or 5015 (a) (1), the plaintiff's alleged failure to comply with CPLR 3215 (g) (4) (i) did not constitute a fatal defect (*see Peck v Dybo Realty Corp.*, 77 AD3d 640, 641 [2010]; *Mauro v 1896 Stillwell Ave., Inc.*, 39 AD3d 506, 506-507 [2007]). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.