RAFAEL RAMIREZ, Appellant, v ISLANDIA EXECUTIVE PLAZA, LLC, Respondent, et al., Defendant. [939 NYS2d 100]—

On July 13, 2009, the plaintiff commenced this action against the defendants Islandia Executive Plaza, LLC (hereinafter Islandia), and Citibank, N.A., to recover damages for personal injuries he allegedly sustained. An order directing the entry of a default judgment was entered against Islandia on January 21, 2010, based upon its default in appearing or answering the complaint, and the Supreme Court directed that the assessment of damages against Islandia was to be conducted at the time of or following the trial or other disposition of the causes of action against the nondefaulting defendant, Citibank, N.A.

Approximately seven months after the action was commenced, Islandia moved to vacate the order entered January 21, 2010, and for leave to serve and file an answer. The plaintiff opposed the motion, and cross-moved for an immediate assessment of damages against Islandia. The Supreme Court granted Islandia's motion and denied the plaintiff's cross motion. The plaintiff appeals, and we modify.

A defendant seeking to vacate a default must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Castle v Avanti, Ltd.*, 86 AD3d 531 [2011]; *Bethune v Prioleau*, 82 AD3d 810 [2011]; *NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617 [2011]; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732 [2011]). Even if Islandia proffered a reasonable excuse for its default here, it failed to demonstrate the existence of a potentially meritorious defense to the action (*see New Seven Colors Corp. v White Bubble Laundromat, Inc.*, 89 AD3d 701 [2011]; *Codoner v Bobby's Bus Co., Inc.*, 85 AD3d 843, 844 [2011]; *Matter of Miguel M.-R.B.*, 36 AD3d 613, 614 [2007]). Accordingly, the Supreme Court improvidently exercised its discretion in granting Islandia's motion to vacate the order entered January 21, 2010, and for leave to serve and file an answer.

However, the Supreme Court properly denied the plaintiff's cross motion. When dealing with multiple defendants, CPLR 3215 (d), upon application of a party, imbues the Supreme Court with the discretion to make an order permitting further proceedings against a defaulting party to occur when the matter is tried, or after there has been a disposition against the nondefaulting parties, without regard to the one-year time period otherwise imposed by CPLR 3215 (c) for taking proceedings for the entry of a judgment after a party's default. Here, the Supreme Court providently directed that the assessment of damages as against Islandia was to take place at the time of or after trial or other disposition of the causes of action against the nondefaulting party, Citibank, N.A.

The parties' remaining contentions either are without merit, are raised for the first time on appeal, or need not be reached in light of our determination. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.