■ ARIA BERKOWITZ, Appellant, v EXPEDITO TOLENTINO, Respondent. [941 NYS2d 885]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated October 7, 2011, which granted the defendant's motion, inter alia, to vacate an order of the same court dated May 2, 2011, granting her unopposed motion for leave to enter judgment against the defendant upon his default in appearing or answering the complaint, and compelled her to accept late service of the answer.

Ordered that the order dated October 7, 2011, is affirmed, with costs.

To vacate the order entered upon his default in opposing the plaintiff's motion for leave to enter a default judgment, the defendant was required to demonstrate a reasonable excuse for his default in opposing the motion and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Castle v Avanti, Ltd.*, 86 AD3d 531 [2011]; *Bethune v Prioleau*, 82 AD3d 810 [2011]; *NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617, 618 [2011]). In support of the defendant's motion, he demonstrated a reasonable excuse for his default in opposing the plaintiff's motion by establishing that defense counsel was never served with the plaintiff's motion papers as directed by the Supreme Court in an order dated February 14, 2011. In opposition, the plaintiff merely asserted that the motion papers were served upon the defendant's attorney by facsimile transmission, as directed by the court. Since the plaintiff's assertions were not supported by an affidavit of service or proper proof of service, they were insufficient to rebut the defendant's showing (*see* CPLR 2103 [b] [5]; *Bonik v Tarrabocchia*, 78 AD3d 630, 632 [2010]; *Lambert v Schreiber*, 69 AD3d 904, 905 [2010]).

Furthermore, the defendant demonstrated a reasonable excuse for his short delay in serving an answer and in appearing, and a potentially meritorious defense to the action (*see* CPLR 2005, 3012 [d]; *Zeccola & Selinger, LLC v Horowitz*, 88 AD3d 992, 993 [2011]; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573

[2004]). Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion, inter alia, to vacate the order entered on default and in compelling the plaintiff to accept late service of the answer. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.