■ HAMILTON PUBLIC RELATIONS, a Subsidiary of COMMUNICATIONS PLUS, INC., Respondent, v SCIENTIVITY, LLC, Appellant. [12 NYS3d 234]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered October 11, 2013, as denied its motion to vacate a judgment of the same court entered February 19, 2013, upon its failure to appear or answer.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Garal Wholesalers, Ltd. v Raven Brands, Inc.*, 82 AD3d 1041, 1041 [2011]). Here, the defendant did not contend that the address that it had on file with the Secretary of State was incorrect and, therefore, the mere denial of receipt of the summons and complaint, without more, was insufficient to demonstrate a reasonable excuse for its default (*see* Limited Liability Company Law § 303 [a]; *Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]; *May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479, 480 [2008]).

Since the defendant failed to demonstrate a reasonable excuse for its default, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense (*see Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1026 [2013]; *Tribeca Lending Corp. v Correa*, 92 AD3d 770 [2012]).

The mere denial of receipt of the summons and complaint is also insufficient to establish lack of notice of the action in time to defend for the purpose of CPLR 317 (*see Capital Source v AKO Med., P.C.*, 110 AD3d at 1027; *Wassertheil v Elburg, LLC,*

94 AD3d 753, 754 [2012]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081-1082 [2011]).

Since the defendant failed to demonstrate that it was entitled to vacate the default judgment pursuant to CPLR 5015 (a) (1) or 317, any failure on the part of the plaintiff to comply with CPLR 3215 (g) (4) (i) did not constitute a fatal defect (*see Castle v Avanti, Ltd.*, 86 AD3d 531, 532 [2011]; *Peck v Dybo Realty Corp.*, 77 AD3d 640, 641 [2010]; *Mauro v 1896 Stillwell Ave., Inc.*, 39 AD3d 506, 506-507 [2007]).

The defendant's remaining contentions are without merit. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.