(July 12, 2017)

■ 92-18 149TH STREET REALTY CORP., Respondent, v BENJAMIN STOLZBERG, Defendant, and YEHUDA STOLZBERG, Appellant. [58 NYS3d 544]—

In an action to recover damages for breach of contract, the defendant Yehuda Stolzberg appeals (1), as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated September 12, 2013, as denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of a judgment of the same court dated April 4, 2012, as, upon his failure to appear or answer the complaint, was entered in favor of the plaintiff and against him, and, in effect, denied that branch of the defendants' motion which was to compel the plaintiff to accept his late answer, and (2) from so much of an order of the same court dated February 5, 2015, as granted that branch of the plaintiff's motion which was to confirm so much of a Referee's report (Kurtz, Ct. Atty. Ref.) dated August 20, 2014, as found that the plaintiff did not have reason to believe that the defendant Yehuda Stolzberg would not be at home when service of process was attempted, and, in effect, denied those branches of the defendants' cross motion which were to reject that portion of the report, vacate so much of the judgment dated April 4, 2012, as, upon his failure to appear or answer the complaint, was entered in favor of the plaintiff and against him, and dismiss the complaint insofar as asserted against him.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action against the defendants,

Benjamin Stolzberg and Yehuda Stolzberg (hereinafter the appellant), to recover damages for breach of contract. A judgment was entered in favor of the plaintiff and against the defendants upon the defendants' failure to appear or answer the complaint. The defendants moved, inter alia, pursuant to CPLR 5015 (a) (1) and (4) to vacate the default judgment, pursuant to CPLR 3211 (a) (8) to dismiss the complaint, and to compel the plaintiff to accept their late answer.

In an order dated September 12, 2013, the Supreme Court denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1), and, in effect, denied that branch of their motion which was to compel the plaintiff to accept their late answer. The court determined that there should be a hearing relating to the claimed lack of jurisdiction. At a subsequent appearance, the court explained that, with respect to the appellant, the Referee was to hear and report on the issue of whether the plaintiff "reasonably believed that he was expected to be home at the time the attempts [to serve process on the appellant] were made."

Following a hearing, the Referee issued her report. The Referee found that the plaintiff did not have reason to believe that the appellant would not be at home when service of process was attempted. The plaintiff moved to confirm the Referee's report. The defendants cross-moved to reject the Referee's report, vacate the default judgment, and dismiss the complaint.

In an order dated February 5, 2015, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to confirm so much of the Referee's report as found that the plaintiff did not have reason to believe that the appellant would not be at home when service of process was attempted. The court, in effect, denied those branches of the defendants' cross motion which were to reject so much of the Referee's report as related to the appellant, vacate so much of the default judgment as was entered against him, and dismiss the complaint insofar as asserted against him.

The appellant appeals from so much of the order dated September 12, 2013, as denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the default judgment as was entered against him, and, in effect, denied that branch of the defendants' motion which was to compel the plaintiff to accept his late answer. The appellant also appeals from so much of the order dated February 5, 2015, as denied those branches of the defendants' cross motion which were to reject so much of the Referee's report as related to the appellant, vacate so much of the default judgment

as was entered against him, and dismiss the complaint insofar as asserted against him.

Since the Referee's finding regarding the appellant is supported by the record, the Supreme Court properly granted that branch of the plaintiff's motion which was to confirm so much of the Referee's report as found that the plaintiff did not have reason to believe that the appellant would not be at home when service of process was attempted (*see Varriano v Steering Wheel Rentals, Inc.*, 73 AD3d 756, 756 [2010]; *Shen v Shen*, 21 AD3d 1078, 1079 [2005]). Thus, the court properly, in effect, denied those branches of the defendants' cross motion which were to reject so much of the Referee's report as related to the appellant, vacate so much of the default judgment as was entered against him, and dismiss the complaint insofar as asserted against him.

The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the default judgment as was entered against the appellant, and properly, in effect, denied that branch of their motion which was to compel the plaintiff to accept his late answer. "A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (*Hamilton Pub. Relations v Scientivity, LLC*, 129 AD3d 1025, 1025 [2015]; *see* CPLR 5015 [a] [1]). "Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*HSBC Bank USA, N.A. v Dalessio*, 137 AD3d 860, 862-863 [2016] [internal quotation marks omitted]; *see U.S. Bank N.A. v Losner*, 145 AD3d 935, 936 [2016]; *Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]). Since the court determined that a hearing should be conducted to resolve the jurisdictional question, the court should not have addressed that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) prior to rejecting the jurisdictional objection following the hearing. Nonetheless, because the appellant failed to establish a reasonable excuse for his default, he was not entitled to vactaur under CPLR 5015 (a) (1). The absence of a reasonable excuse renders it unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense (*see Matter of*

*Foreclosure of Tax Liens*, 144 AD3d 1033, 1034 [2016]; *Hamilton Pub. Relations v Scientivity, LLC*, 129 AD3d at 1025).

Accordingly, the Supreme Court properly denied the subject branches of the defendants' motion and cross motion and granted the subject branch of the plaintiff's motion. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.