Home Heating Oil Corp., Respondent,
against
Heron James Douglas, Appellant.




Ofodile & Associates, P.C. (Anthony C. Ofodile of counsel), for appellant.
Law Office of Daniel Sully (Daniel E. Sully of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), entered September 12, 2016. The order denied defendant's motion denominated as one to vacate a default judgment of that court entered March 16, 2007 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, without costs. 
In this action to recover for the sale of heating oil, defendant did not appear or answer the complaint. On March 16, 2007, the Civil Court entered a default judgment awarding plaintiff the principal sum of $22,288.48. Defendant thereafter moved to vacate the default judgment, contending that he had not received the summons. Plaintiff failed to oppose defendant's motion. By order entered May 14, 2007, the Civil Court (Sylvia G. Ash, J.) conditionally granted defendant's motion to vacate the default judgment. Plaintiff subsequently moved to vacate the May 14, 2007 order and restore the judgment, arguing that defendant had failed to comply with the conditions set forth by the court in that order. Defendant failed to oppose plaintiff's motion. By order entered August 9, 2007, the Civil Court (Dolores L. Waltrous, J.) granted plaintiff's motion.
There was no action taken in the case from 2007 until defendant brought the motion at issue on June 17, 2016, denominated as a motion to vacate the default judgment. Plaintiff opposed the motion. By order entered September 12, 2016, the Civil Court (Richard Montelione, [*2]J.) denied defendant's motion on the ground that defendant had "waived his otherwise meritorious defense of lack of jurisdiction after taking no action after eight years."
At the outset, we note that, while defendant seeks, in the instant motion, to vacate the default judgment, the default judgment had already been conditionally vacated by virtue of the May 14, 2007 order. Plaintiff's motion thereafter to vacate the May 14, 2007 order and restore the default judgment was granted without opposition by order entered August 9, 2007. Consequently, to be granted relief, defendant was required to demonstrate a reasonable excuse for his default in opposing plaintiff's motion which resulted in the August 9, 2007 order and a potentially meritorious opposition to that motion (see CPLR 5015 [a]; Bethune v Prioleau, 82 AD3d 810 [2011]). However, defendant's motion papers never even addressed plaintiff's motion. Thus, defendant failed to proffer any excuse for his default in opposing plaintiff's motion (see Aronov v Shimonov, 105 AD3d 787 [2013]; Caputo v Peton, 13 AD3d 474 [2004]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether defendant demonstrated the existence of a potentially meritorious opposition to the motion (see JP Morgan Chase Bank, N.A. v Palma, 114 AD3d 645 [2014]; Levi v Levi, 46 AD3d 519 [2007]). Consequently, defendant's motion was properly denied.
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 12, 2018