GHI Mktg., Inc. v Diven (2019 NY Slip Op 01745)





GHI Mktg., Inc. v Diven


2019 NY Slip Op 01745


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07030
 (Index No. 50447/15)

[*1]GHI Marketing, Inc., etc., respondent, 
v
Charles Diven, et al., defendants, Navajo Fields, Inc., etc., appellant.


Mark J. Weinstein, Tarrytown, NY, for appellant.
George J. Calcagnini, Somers, NY, for respondent.



DECISION & ORDER
In an action to recover payment for goods sold and delivered, the defendant Navajo Fields, Inc., appeals from a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated May 16, 2017. The judgment, upon an order of the same court dated April 26, 2017, made after a nonjury trial, is in favor of the plaintiff and against the defendant Navajo Fields, Inc., in the principal sum of $19,523.56.
ORDERED that the judgment is affirmed, with costs.
The plaintiff is in the business of selling personalized sports apparel and accessories. In 2014, the defendant Navajo Fields, Inc. (hereinafter Navajo Fields), ordered various items from the plaintiff and accepted delivery of the merchandise with a total price of $19,523.56, but failed to pay the associated invoices despite demands for payment. In 2015, the plaintiff commenced this action against Navajo Fields, among others, to recover the sum of $19,523.56, plus interest and costs. After a nonjury trial, the Supreme Court, in an order dated April 26, 2017, directed, inter alia, that the plaintiff have judgment against Navajo Fields for the amount demanded in the complaint. A judgment was then entered in favor of the plaintiff and against Navajo Fields in the principal sum of $19,523.56, plus costs, disbursements, and statutory interest. Navajo Fields appeals from the judgment.
" In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, the evidence adduced at trial, including the testimony of the plaintiff's witnesses, supports the Supreme Court's determination that the plaintiff was entitled to payment in the principal sum of $19,523.56 for goods that it sold to and which were accepted by Navajo Fields during the period between March 14, 2014, and July 16, 2014 (see Sunkyong Am. v Beta Sound of Music Corp., 199 AD2d 100; Orbis Co. v Rivera, 140 AD2d 679; Avis Rent A Car Sys. v McNamara [*2]Buick Pontiac, 90 AD2d 783).
Navajo Fields waived its right to challenge the plaintiff's standing by failing to assert that defense in its answer or in a motion pursuant to CPLR 3211(a) (see CPLR 3211[e]; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656, 657; Bank of N.Y. Mellon Trust Co. v McCall, 116 AD3d 993).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court