Caguana v Beach 22, LLC (2021 NY Slip Op 01024)





Caguana v Beach 22, LLC


2021 NY Slip Op 01024


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05832
 (Index No. 700851/18)

[*1]Luis Caguana, appellant, 
v
Beach 22, LLC, et al., defendants, Sunny Builders NY Corp., respondent.


Lipsig Shapey Manus & Moverman, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Furman, Kornfeld & Brennan LLP, New York, NY (Andrew Kowlowitz and Daniel Butler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered April 18, 2019. The order granted the motion of the defendant Sunny Builders NY Corp. pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court entered December 3, 2018, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against that defendant on the issue of liability, upon its default in appearing or answering the complaint.
ORDERED that the order entered April 18, 2019, is reversed, on the law, with costs, and the motion of the defendant Sunny Builders NY Corp. pursuant to CPLR 5015(a)(1) to vacate so much of the order entered December 3, 2018, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against that defendant on the issue of liability is denied.
On November 4, 2017, the plaintiff allegedly was injured at a construction site in Queens. On January 18, 2018, the plaintiff commenced this action to recover damages for personal injuries against, among others, Sunny Builders NY Corp. (hereinafter the defendant), the general contractor at the construction site. On February 8, 2018, the Supreme Court acquired personal jurisdiction over the defendant when the plaintiff's process server delivered the summons and complaint to an agent of the defendant authorized to accept service on its behalf at its address in Floral Park (see CPLR 311[a][1]). After the defendant failed to appear or answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant on the issue of liability. The defendant did not oppose that motion. In an order entered December 3, 2018, the Supreme Court granted the plaintiff's motion (hereinafter the default order).
On January 4, 2019, the defendant moved pursuant to CPLR 5015(a)(1) to vacate so much of the default order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against it on the issue of liability. In support of its motion, the defendant submitted the affidavit of its principal, who averred that he had no knowledge of this action until he received the plaintiff's motion. In an order entered April 18, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
To vacate its default in opposing the plaintiff's motion, inter alia, for leave to enter a default judgment against it on the issue of liability, the defendant was required to demonstrate a reasonable excuse for its default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Nakollofski v Kingsway Props., LLC, 157 AD3d 960; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557; Berkowitz v Tolentino, 94 AD3d 797).
Here, the defendant failed to proffer a reasonable excuse for its default in opposing the plaintiff's motion based upon its principal's conclusory and unsubstantiated denial of knowledge of this action (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764). Since the defendant failed to demonstrate a reasonable excuse for its default, it is unnecessary to consider whether it demonstrated a potentially meritorious opposition to the plaintiff's motion (see Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801, 803).
Accordingly, the Supreme Court should have denied the defendant's motion.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court